UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: **CV 07-04895-ODW (MANx)**         Date: **December 30, 2008**

Title: **Dbest Products Inc., et al. v. Staples, Inc., et al.**

==========================================================================
**DOCKET ENTRY RE:**        Order Adopting Stipulated Protective Order
==========================================================================

**PRESENT:**    **HONORABLE MARGARET A. NAGLE, U.S. MAGISTRATE JUDGE**

Earlene Carson                                      N/A
Deputy Clerk                                  Tape No./Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**

None Present                                  None Present

**PROCEEDINGS:**    (IN CHAMBERS)

Pursuant to the agreement of the parties, the Court ORDERS that the Stipulated Protective Order ("Stipulation"), filed on November 14, 2008, and modified by the Court on page 6, paragraph 4(g), shall govern the dissemination and use of information, documents, and things designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" by the parties. In entering this Order, however, the Court expressly cautions the parties that, at a minimum, good cause must be demonstrated to warrant sealing of any portion of the court file and denying public access to court proceedings. Indeed, in Pintos v. Pacific Creditors Association, 504 F.3d 792, 802 (9th Cir. 2007), the Ninth Circuit made clear that while a "good cause" standard applies to the sealing of documents filed in connection with nondispositive motions, a more rigorous "compelling reasons" standard applies to a sealing request related to dispositive motions. As stated by the Ninth Circuit, to seal documents or other materials related to a dispositive motion, the party seeking a sealing order "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.*; citation omitted.

The parties' Stipulation, in and of itself, creates no entitlement to file under seal information, documents, or things designated by the parties as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." Accordingly, reference to the parties' Stipulation and this Order or to the parties' designation of information, documents, or things as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" is wholly insufficient to warrant filing under seal. Good cause, if not compelling reasons, must be shown to support a request for filing under seal, and the parties' mere designation of information, documents, or things as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" does not -- without the submission of evidence establishing the confidential nature of the information, documents, or things sought to be filed under seal -- establish good cause, let alone compelling reasons, for filing under seal.

**IT IS SO ORDERED.**

cc:     All Parties of Record